NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAGHVENDRA SINGH, | No. 16-15626 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02382-JAM-KJN |
| v. | |
| COUNTY OF SACRAMENTO; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Raghvendra Singh appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging various federal and state law

claims related to his real property.  We have jurisdiction under 28 U.S.C. § 1291.

We review for an abuse of discretion a dismissal for failure to comply with court

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

orders. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Singh's action was proper because Singh failed to allege facts sufficient to state any plausible claims. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Edwards*, 356 F.3d at 1063 (setting forth de novo standard of review for dismissal under Fed. R. Civ. P. 12(b)(6)).

Dismissal of Singh's third amended complaint without leave to amend was proper because the district court provided Singh with three opportunities to amend, and further amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile). We do not consider Singh's contention that Karen Singh was not given an opportunity to amend the complaint because Karen Singh is not a party to the appeal.

The district court did not abuse its discretion in not appointing counsel because Singh did not file a motion for the appointment of counsel, and did not demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218

16-15626

(9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel).

Singh's request for the appointment of counsel, set forth in his opening brief, is denied.

**AFFIRMED.**